United States District Court
Southern District of Texas

**ENTERED**

August 05, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| INOCENCIO MARTINEZ MENDOZA, | § | |
|     "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00748 |
| TODD M. LYONS, *et al., in their official* | § | |
| *capacities,* | § | |
|     "Respondents." | § | |
| | § | |

### ORDER

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and "Respondents' Response to the Petition for Writ of Habeas Corpus and Respondents' Motion for Summary Judgment" (Dkt. No. 6) ("MSJ"). For these reasons, the Petition (Dkt. No. 1) is **DENIED**.

### I.    BACKGROUND

Petitioner is a native and citizen of Mexico, who claims he has resided in the United States since 2009. See Dkt. No. 1 at 4; Dkt. No. 6 at 1. Petitioner is currently in removal proceedings, Dkt. No. 6 at 2 and is scheduled for hearing before an Immigration Judge ("IJ") on September 1, 2026. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited August 4, 2026).

Petitioner was arrested on May 27, 2026, and is being detained at the Port Isabel Detention Center. Dkt. No. 6-1 at 2.

Petitioner challenges Respondents' authority to detain him under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)(A)") on statutory and constitutional grounds. Dkt. No. 1. at 18-23. Petitioner further contends that his continued detention under § 1225(b)(2) violates the bond regulation provisions of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* at 19.

### II.    DISCUSSION

Petitioner is permissibly detained under § 1225(b)(2)(A), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and Petitioner's constitutional claims are not viable at this stage. Generally, detention "during removal proceedings is a constitutionally permissible part of

1

that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Although the *Demore* Court recognized the possibility of circumstances where such detention could become constitutionally suspect, *see, e.g., id.* at 532 (Kennedy, J., concurring), the Petition does not raise any such issues. *See* Dkt. No. 1. Petitioner has been detained for less than three months, Dkt. No. 6-1, and is slated for an in-person hearing before an IJ in September. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited August 4, 2026). As pleaded, the Court finds Petitioner's current detention commensurate with the constitutionally permissible purpose of facilitating deportation. *See Demore*, 538 U.S. at 532-33 (KENNEDY, J., concurring).

Petitioner's claim that detention under § 1225(b)(2)(A) violates the bond regulation provisions of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 also has no merit. A review of these regulations confirms implementation of 8 U.S.C. § 1226(a) ("§ 1226(a)"), not § 1225(b)(1)(A).[1] The Fifth Circuit clarified that § 1226 and § 1225(b)(2)(A) apply concurrently to aliens in Petitioner's position. *See Buenrostro-Mendez*, 166 F.4th at 506. Thus, regardless of the applicability of § 1226, mandatory detention under § 1225(b)(2)(A) remains an option, and Respondents are within their rights to elect this option. *Id.*

## III.    CONCLUSION

For these reasons[2], the Petition (Dkt. No. 1) is hereby **DENIED** and the MSJ (Dkt. No. 6) is **DENIED** as moot. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 5th day of August 2026.

Rolando Olvera
United States District Judge

---

[1] For example, both § 236.1 and § 1236.1 generally provide for release of an alien detained under 8 U.S.C. § 1226(a). *See* 8 C.F.R. §§ 236.1(c)(8) and 1236.1(c)(8). For its part, 8 C.F.R. § 1003.19 outlines the procedure for IJ review of custody determinations for bond-eligible aliens detained pursuant to § 1226.

[2] Petitioner's claims regarding the class action in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez. See Maldonado Bautista*, 2025 WL 3713987, Mar. 31, 2026) at *8-12, *appeal pending sub nom. Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044 (9th Cir. (granting a stay of the declaratory judgment insofar as it extends beyond the Central District of California).